UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
ISRAEL BORGES,                                                   :
                                                                 :    MEMORANDUM AND ORDER
                            Plaintiff,                           :
                                                                 :    09-cv-4830 (WFK) (VVP)
              -against-                                          :
                                                                 :
HELDRICH ASSOCIATES LLC D/B/A THE                                :
HELDRICH HOTEL AND SPA, and BMC–THE                              :
BENCHMARK MANAGEMENT COMPANY,                                    :
                                                                 :
                            Defendants.                          :
                                                                 :
-----------------------------------------------------------------X

**KUNTZ, United States District Judge**

Plaintiff Israel Borges ("Plaintiff") brings this action against Defendants Heldrich Associates LLC d/b/a The Heldrich Hotel and Spa ("Defendant Heldrich"), BMC–The Benchmark Management Company ("Defendant BMC"), and Sani Systems, Ltd. for injuries he allegedly sustained while cleaning a kitchen stove at The Heldrich Hotel. Plaintiff and Sani Systems, Ltd. filed a Stipulation of Discontinuance, with prejudice, as to Sani Systems, Ltd. only on April 15, 2010. Stipulation of Discontinuance as to Defendant Sani Systems, Ltd. Only, Docket Entry 21. The remaining Defendants filed a Choice of Law motion, arguing New Jersey law applies to both conduct-regulating and loss-allocating issues. Plaintiff opposes the motion, arguing New York law should apply. For the reasons below, this Court grants Defendants' motion.

## INTRODUCTION

Plaintiff is a twenty-seven-year-old male domiciled in New York. Defendant Heldrich is a New Jersey limited liability company, which retained Defendant BMC to manage The Heldrich Hotel in New Jersey. Defendant BMC is a domiciliary of Texas. Plaintiff was working as a commercial kitchen cleaner for former Defendant Sani Systems, a New York corporation, at the time of the alleged accident. Defendant Heldrich contracted with Sani Systems in 2007 to perform quarterly cleaning and maintenance of the exhaust and ventilation systems in The Heldrich Hotel's two kitchens.

On June 13, 2008, Plaintiff alleges he sustained injuries when he fell into a deep fryer while cleaning an oven hood at The Heldrich Hotel. Plaintiff originally filed this action in New York Supreme Court, Kings County, and Defendants removed the case to this Court on November 5, 2009. Plaintiff filed an amended complaint on June 7, 2010, and Defendants filed an answer on June 22, 2010. The parties dispute whether New Jersey or New York law should apply to this action.

## DISCUSSION

The laws of three jurisdictions are potentially applicable to this action. Plaintiff is a New York domiciliary who allegedly injured himself at a hotel owned by Defendant Heldrich, a New Jersey domiciliary. Defendant Heldrich retained Defendant BMC, a Texas domiciliary, to manage the hotel at which the injury occurred. Thus, the inquiry is whether New Jersey, New York, or Texas law should apply to conduct-regulating and loss-allocating issues.

"A federal trial court sitting in diversity jurisdiction must apply the law of the forum state to determine the choice-of-law." *Fieger v. Pitney Bowes Credit Corp.*, 251 F.3d 386, 393 (2d Cir. 2001) (citing *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 497 (1941)). New

York courts must first determine if there is an "actual conflict of laws" before "determining whether to undertake a choice of law analysis." *Curley v. AMR Corp.*, 153 F.3d 5, 12 (2d Cir. 1998). "Where the applicable law from each jurisdiction provides different substantive rules, a conflict of laws analysis is required." *Id.* Two rules are at issue in the present case: loss allocating and conduct regulating.

**A. Loss Allocating**

Loss-allocating rules "are laws that prohibit, assign, or limit liability after the tort occurs." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 672 F.3d 155, 158 (2d Cir. 2012) (citing *DeMasi v. Rogers*, 34 A.D.3d 770, 721, 826 N.Y.S.2d 106 (2d Dep't 2006)). The parties agree comparative negligence laws are loss allocating. Defs.' Supp. Mem., at 3; Pl.'s Opp'n Mem., at 6; *see also Levy v. Marriott Int'l, Inc.*, No. 08-cv-4795, 2011 WL 1542082, at *2 (E.D.N.Y. Apr. 21, 2011) (Carter, Mag. J.) ("Comparative negligence is a loss allocation law."). The parties also agree there is an actual conflict between New Jersey and New York loss-allocating laws.[1] Defs.' Supp. Mem., at 4; Pl.'s Opp'n Mem., at 6. Under New Jersey law, a plaintiff may only recover damages if his negligence does not exceed that of the defendant, with such damages reduced proportionally to his negligence. N.J.S.A. § 2A:15-5.1. Under New York law, a plaintiff may recover damages even if his own negligence exceeds that of the defendant, with such damages reduced proportionally to his negligence. N.Y.C.P.L.R. § 1411. Therefore, there is an actual conflict between New Jersey and New York laws, and this Court must undertake a choice of law analysis considering Plaintiff vis-à-vis each Defendant. *Edwards v. Erie Coach Lines Co.*, 17 N.Y.3d 306, 329, 929 N.Y.S.2d 31 (2011).

---

[1] Neither party advocates for application of Texas law. This does not change the Court's analysis, however, because, as detailed in this decision, New Jersey law applies pursuant to New York choice of law principles.

*(i) Plaintiff v. Defendant Heldrich*

"Cases involving loss allocation conflict of laws are guided by the framework set forth in *Neumeier v. Kuehner*, 31 N.Y.2d 121, 128, 335 N.Y.S.2d 64 (1972)." *Levy*, 2011 WL 1542082, at *2. Plaintiff advances no argument under *Neumeier* that New York law should govern as between himself and Defendant Heldrich. According to the second *Neumeier* principle, "[w]hen the [tortfeasor's] conduct occurred in the state of his domicile and that state does not cast him in liability for that conduct, he should not be held liable by reason of the fact that liability would be imposed upon him under the tort law of the state of the victim's domicile." *Id.* "In essence, then, the second *Neumeier* principle adopts a 'place of injury' test for true conflict guest statute cases." *Cooney v. Osgood Mach.*, 81 N.Y.2d 66, 73, 595 N.Y.S.2d 919 (1993). Plaintiff is a New York domiciliary, Defendant Heldrich is a New Jersey domiciliary, and the tort occurred in New Jersey. Thus, because the parties are domiciled in different states and the tort occurred in the state of Defendant Heldrich's domicile, the second *Neumeier* principle mandates application of New Jersey law.

Instead of advocating for New York law under *Neumeier*, Plaintiff argues Defendant is precluded from claiming New Jersey law applies because Defendant referenced New York Workers' Compensation Law in their Notice of Removal and cited New York Civil Practice Law and Rules in its Answer. Plaintiff's argument is unpersuasive.

The Notice of Removal states that Sani Systems, Plaintiff's former employer at the time of the accident, was an improperly named party because "any direct action against Sani Systems is barred pursuant to the Workers' Compensation Law of the State of New York." Notice of Removal, at 2, Docket Entry #1. Plaintiff does not appear to dispute the merits of this claim; rather, Plaintiff argues it equates to an admission that New York law would govern this entire

4

action. Plaintiff cites no legal authority for his position, nor does he adequately explain how this assertion of New York law precludes the remaining Defendants from seeking the application of New Jersey law. As Plaintiff explicitly recognizes, the Court must conduct a choice of law analysis considering Plaintiff vis-à-vis each Defendant. "Under the first *Neumeier* rule, when [the plaintiff and the defendant] share a common domicile, that law should control." *Edwards*, 17 N.Y.3d at 329. Thus, because both Plaintiff and Sani Systems are New York domiciliaries, New York law would have applied as between them. Defendants are not trying to "have it both ways," as Plaintiff argues. Dismissing Sani Systems under New York law does not impact this Court's analysis of which law applies to the remaining Defendants.

The fact that Defendants pleaded certain affirmative defenses under the C.P.L.R. does not serve as an agreement that New York law would apply to the entire action. "Rule 8(c) of the Federal Rules of Civil Procedure requires that a responsive pleading must set forth certain enumerated affirmative defenses . . . ." *Saks v. Franklin Covey Co.*, 316 F.3d 337, 350 (2d Cir. 2003) (citing Fed. R. Civ. P. 8(c)). Failure to plead an affirmative defense may constitute a waiver, though district courts have the power to entertain affirmative defenses at a later stage of litigation in certain circumstances. *Id.* Thus, Defendants ensured they did not risk waiving defenses based on the C.P.L.R. at the responsive pleading stage. It is disingenuous, at best, for Plaintiff to feign surprise that neither Defendant conceded to the application of New York law. Plaintiff has not shown any prejudice or that the course of pre-trial litigation was impacted by these affirmative defenses, which address trial and potential post-judgment issues. This Court, sitting in diversity jurisdiction in New York, is obligated to apply New York choice-of-law principles to determine the appropriate law to apply.

*(ii) Plaintiff v. BMC*

The parties agree that the third *Neumeier* principle controls the choice of law analysis as between Plaintiff and Defendant BMC. Under the third *Neumeier* principle, "the law of the place of the tort will normally apply, unless displacing it will advance the relevant substantive law purposes without impairing the smooth working of the multi-state system or producing great uncertainty for litigants." *Schultz v. Boy Scouts of Am.*, 65 N.Y.2d 189, 201, 491 N.Y.S.2d 90 (1985) (citing *Neumeier*, 31 N.Y.2d at 128) (internal citations omitted). Plaintiff is a New York domiciliary, Defendant BMC is a Texas domiciliary, and the tort occurred in New Jersey. Therefore, because the tort occurred in New Jersey, New Jersey law will typically apply.

Plaintiffs contend New York law should apply under the third *Neumeier* principle because New York has an interest in ensuring the protection of its domiciliaries injured in foreign jurisdictions, and applying New York law would neither produce uncertainty for litigants nor impair the smooth working of the multi-state system. Defendant BMC does not argue for the law of Texas, its state of domicile, to apply, but rather that New Jersey law should apply because there is no adequate justification for displacing the normally applicable law of the situs. The Court agrees with Defendant BMC.

The Court of Appeals of New York recently stated in *Edwards v. Erie Coach Lines Co.* that, "[w]hile New York employs 'interest analysis' rather than 'grouping of contacts,' the number and intensity of contacts is relevant when considering whether to deviate from *lex loci delicti* under the third *Neumeier* rule—*i.e., whether even to analyze* if displacing this 'normally applicable' choice would 'advance the relevant substantive law purposes without impairing the smooth working of the multi-state system or producing uncertainty for litigants.'" 17 N.Y.3d 306, 331, 929 N.Y.S.2d 31 (2011) (emphasis added) (citing *Neumeier*, 31 N.Y.2d at 128). Thus,

the Court of Appeals emphasized that courts must look to the number and intensity of contacts when determining whether even to reach the issues of advancing relevant substantive law provisions, impairing the smooth working of the multi-state system, and uncertainty for litigants.

In *Edwards*, Ontario plaintiffs brought an action against defendants from both Pennsylvania and Ontario for an accident occurring in New York. The Pennsylvania defendants did not advocate for Pennsylvania law to apply, instead arguing for Ontario law to apply because Ontario law caps noneconomic damages when negligence causes catastrophic personal injury. *Id.* at 325, 330. After noting it would be unjust for the Pennsylvania defendants "to take advantage of the Ontario cap" by declining to advocate for the Pennsylvania law, the court held "there was no cause to contemplate a jurisdiction other than New York, the place where the conduct causing injuries and the injuries themselves occurred." *Id.* at 330–31. Importantly, the court noted not only did the Pennsylvania defendants not advocate for the law of their domicile, they had no contacts with Ontario "other than the happenstance that plaintiffs and the bus defendants were domiciled there." *Id.* at 331.

The instant case is analogous to *Edwards*. Defendant BMC does not advocate for Texas law to apply, similar to the Pennsylvania defendants from *Edwards*. However, unlike the Pennsylvania defendants attempting to "take advantage of the Ontario cap," here Defendant BMC advocates for New Jersey law, which comports with Texas law—both allow a plaintiff to recover only if his negligence is not greater than defendants' negligence. Thus, New Jersey law offers no special protection when compared to Texas law. Whereas the Pennsylvania defendants in *Edwards* had no contacts with Ontario, Defendant BMC contracted with Defendant Heldrich, a New Jersey company, to manage a hotel in New Jersey. Plaintiff was injured while performing work entirely in New Jersey. Plaintiff explicitly states his employer contracted with Defendant

Heldrich, a New Jersey company, not with Defendant BMC, a Texas company. Pl.'s Opp'n Mem., at 14. But for Plaintiff traveling into New Jersey, he would not have had contact with Defendant BMC. This Court finds Plaintiff has not demonstrated why this Court should contemplate a jurisdiction other than New Jersey, the place where the conduct causing the injuries and the injuries themselves occurred, and the place to which all parties voluntarily associated themselves, as required under *Edwards*.

## B. Conduct Regulating

"Conduct-regulating rules are those that 'people use as a guide to governing their primary conduct . . . .'" *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 672 F.3d 155, 158 (2d Cir. 2012) (citing *K.T. v. Dash*, 37 A.D.3d 107, 112, 827 N.Y.S.2d 112 (1st Dep't 2006)). If conduct-regulating laws of different jurisdictions conflict, "the law of the place of the tort 'will usually have a predominant, if not exclusive, concern' . . . ." *Padula v. Lilarn Props. Corp.*, 84 N.Y.2d 519, 522, 620 N.Y.S.2d 310 (1994) (citing *Schultz*, 84 N.Y.2d at 198). This is because the situs "jurisdiction has the greatest interest in regulating behavior within its borders." *Vumbaca v. Terminal One Grp. Assoc. L.P.*, No. 11-cv-5535, 2012 WL 1377074, at *10 (E.D.N.Y. Apr. 20, 2012) (Weinstein, J.) (citing *Padula*, 84 N.Y.2d at 522).

Defendants argue for application of New Jersey law as to all conduct-regulating issues. Defs.' Mem., at 11–13. Plaintiff seemingly fails to put forth any substantive argument that New York law should apply to conduct-regulating issues, other than his argument that Defendants are precluded from asserting New Jersey law because they referenced New York law in their Notice of Removal and answer. As detailed above, this argument fails. Because Plaintiff has demonstrated no compelling reason why New Jersey law, as the situs of the alleged tort, does not have a predominant interest regarding conduct-regulating issues, New Jersey law shall apply.

8

# CONCLUSION

Federal trial courts sitting in diversity must apply the choice of law principles of the forum state to determine which law to apply. In this action, Plaintiff is a New York domiciliary, Defendant Heldrich is a New Jersey domiciliary, and Defendant BMC is a Texas domiciliary. Under the principles set forth by the Court of Appeals of New York in *Neumeier*, New Jersey law applies as between Plaintiff and both Defendants to all loss-allocating issues. Plaintiff has not demonstrated why this Court should contemplate applying anything but New Jersey law, the location to which all parties purposely availed themselves and in which the alleged tort occurred. Further, Plaintiff has not provided any convincing reason why New Jersey law should not apply to all conduct-regulating issues. New Jersey has a paramount interest in regulating behavior within its borders. Therefore, this Court holds that New Jersey law applies to all loss-allocation and conduct-regulating issues.

**SO ORDERED**

Dated: Brooklyn, New York
      August 29, 2012

s/WFK

HON. WILLIAM F. KUNTZ, II
United States District Judge